**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 310.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. MCCLURE.

[Cite as *Disciplinary Counsel v. McClure*, 1996-Ohio-277.]

*Attorneys at law—Misconduct—Two-year suspension stayed with condition—*
    *Conduct that adversely reflfects on fitness to practice law—Neglect of an*
    *entrusted legal matter—Failure to cooperate in investigation of alleged*
    *misconduct—Failure to meet continuing legal education requirements.*

(No. 95-1666—Submitted September 27, 1995—Decided January 17, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 95-06.

———————————

{¶ 1} In a complaint filed on February 3, 1995, relator, Office of Disciplinary Counsel, charged respondent, David Bernard McClure of Sandusky, Ohio, Attorney Registration No. 0023268, with four counts of professional misconduct involving violations of, *inter alia*, DR 1-102(A)(6) (conduct that adversely reflects on fitness to practice law) and 6-101(A)(3) (neglect of entrusted legal matter), as well as Gov. Bar R. V(4)(G) (failure to cooperate in investigation of alleged misconduct) and X (failure to meet continuing legal education requirements). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ('board") heard the matter on June 13, 1995.

{¶ 2} The parties stipulated to the facts underlying the charged misconduct as follows:

**"Count I**

"1. Respondent * * *, an attorney at law, was admitted to the practice of law in the State of Ohio on October 27, 1967.

"2. On July 28, 1992, Stephen Wayne Havice retained Respondent for Seven Hundred and Fifty Dollars ($750.00) to file bankruptcy for him. On January

12, 1995, Relator contacted the Clerk of Courts Office of the U.S. Bankruptcy Court in Toledo, Ohio and learned that no bankruptcy papers had ever been filed on behalf of Mr. Havice.

"3. On October 18, 1994, Disciplinary Counsel sent a certified letter of inquiry to Respondent, requesting a reply to Mr. Havice's complaint before November 1, 1994. The green certified letter receipt was signed for by Respondent on November 1, 1994. Thereafter, on November 15, 1994, Relator sent a second letter of inquiry to Respondent by certified mail to his law office address in Huron, Ohio as listed with the Office of Attorney Registration, Supreme Court of Ohio. The letter was returned "unclaimed," after two (2) notices were sent to Respondent.

"4. Upon receiving the returned mail, Relator contacted Respondent and learned from Mr. McClure that he had been ill and had not yet had an opportunity to send a response. Respondent said a letter would be forthcoming. As no letter was received by Relator, on December 6, 1994, another letter of inquiry was sent asking for an answer by December 20, 1994.

"5. On January 9, 1995, Relator attempted to contact David B. McClure at both his home and office telephone numbers as provided to the Office of Attorney Registration. The phone had been disconnected with no forwarding numbers provided. Upon calling directory assistance, Relator obtained a phone number in Sandusky, Ohio. Respondent answered the phone at that location. Respondent said his old phone was disconnected as he was experiencing financial difficulties and that his clients knew where they could reach him as he had the Sandusky office phone in operation for a year.

"* * *

**"Count II**

"6. On April 15, 1994, Wilma C. Hay's husband, Samuel B. Hay, died. On May 3, 1994, Mrs. Hay retained respondent for Four Hundred Dollars ($400.00) to

assist in the transfer of a home title to Mrs. Hay's name. Respondent deposited this check on May 4, 1994.

"7. On June 20, 1994, Mrs. Hay provided Respondent with * * * waiver forms signed by her three (3) children. Respondent advised Mrs. Hay that * * *[her mobile] home had to be appraised.

"8. On August 18, 1994, after not hearing from Respondent, Mrs. Hay contacted the Erie County Probate Court and learned that the Respondent had not yet filed the necessary papers. On August 19th, Respondent did file an Application to Release the Estate from Administration as the only asset of the estate was the mobile home. The case was delayed because Respondent failed to file the required listing of assets and liabilities.

"9. On October 5, 1994, Judge Jane B. Lucal, Probate Judge, signed an entry releasing the estate from administration. On this date, Mrs. Hay personally met with Judge Lucal, who gave Mrs. Hay the release form needed to have a mobile home transferred to her.

"10. On October 7, 1994, Mrs. Hay's son-in-law, Thomas R. Mathews, wrote a letter to Respondent requesting a refund of Twenty-Five Dollars ($25.00) of unused court deposit fees and Two Hundred Dollars ($200.00) for 'overcharging for work not needed to be done.' Respondent never responded to this communication.

"11. On January 10, 1995, Relator asked the Erie-Huron Counties Legal Grievance Committee to forward Mrs. Hay's complaint to Disciplinary Counsel. Upon reviewing the submitted materials, it was noted that a letter of inquiry was sent by the Grievance Committee to Respondent on October 12, 1994, noting a hearing date of November 14, 1994. The certified receipt was signed for by Respondent on October 14, 1994.

"12. On November 4th, 1994, the Grievance Committee's investigating attorney had a conversation with Respondent. Mr. McClure said he had sent no

response as he had never received the materials sent by the Grievance Committee. On the same day, the grievance materials were faxed to Respondent. Respondent failed to appear at the November 14, 1994 hearing when the panel and Mrs. Hay were present and ready to proceed on her complaint. After waiting twenty (20) minutes for Respondent, the hearing was conducted.

"* * *

**"Count III**

"13. On February 6, 1992, Respondent was sanctioned by the Supreme Court of Ohio for failing to comply with the provisions of Gov.Bar Rule X, Attorney Continuing Legal Education (hereinafter referred to as 'CLE') for the 1989-1990 reporting period. Respondent was to pay a fee of One Hundred and Fifty Dollars ($150.00) by March 9, 1992.

"14. Respondent was sanctioned for the 1991-1992 reporting period and ordered to pay a sanction fee of Four Hundred and Sixty Dollars $460.00) by May 16, 1994. As of May 10, 1995. this fee has not been paid, nor has Respondent completed his CLE requirements.

"* * *

**"Count IV**

"15. Respondent has registered late for four (4) out of the last five (5) biennia:

| "BIENNIUM | DUE DATE | DATE PAID | LATE |
|---|---|---|---|
| 1985/1987 | 09/01/85 | | 09/13/85 |
| 2 weeks | | | |
| 1987/1989 | 09/01/87 | | 09/30/87 |
| 1 month | | | |
| 1989/1991 | 09/01/89 | | 03/02/92 |
| 30 months | | | |

| 1991/1993 | 09/01/91 | 03/04/92 |
|---|---|---|

6 months

"Respondent was not registered to practice law for over three (3) years during the past five (5) biennia.

"* * *

**"MITIGATING FACTORS**

"16. During the time periods covered by the formal complaint, Respondent experienced personal, financial, and health difficulties."

{¶ 3} Based on the stipulations, the panel concluded that respondent had violated DR 6-101(A)(3) and Gov.Bar R. V(4)(G) in connection with Counts I and II, DR 1-102(A)(6) and Gov.Bar R. X in connection with Count III, and DR 1-102(A)(6) in connection with Count IV. In recommending a sanction for this misconduct, the panel considered the personal, financial and health difficulties respondent had experienced during the events at issue, including his excessive alcohol consumption that has since ceased, his severe and often immobilizing gout, his low income on which he had been barely "getting by," and his lack of health insurance. The panel also considered that respondent had practiced law for nearly twenty-eight years with no prior disciplinary problems and that his transgressions were of a relatively minor nature; however, it recognized that respondent's health and financial problems could prevent him from practicing law in an efficient and professional manner.

{¶ 4} Balancing the caliber of respondent's misconduct and the need to protect the public, the panel recommended that respondent receive a two-year suspension from the practice of law, but that the entire sanction period be suspended on the following conditions of probation:

"(1) Respondent [shall] meet no less that monthly with a monitor to be chosen by Disciplinary Counsel * * * [to] discuss the progress of all Respondent's pending matters; (2) Respondent * * * [shall] maintain sobriety; [and] (3)

Respondent * * * [shall] pay all sanctions imposed by the Supreme Court for the registrations and [continuing legal education] problems], and * * * [shall] bring current, and keep current all registrations and [continuing legal education requirements]."

{¶ 5} The board adopted the panel's report, including its findings of fact, conclusions of law, and recommendation.[1]

––––––––––––––––

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*David Bernard McClure, pro se.*

––––––––––––––––

*Per Curiam.*

{¶ 6} Upon review of the record, we agree that respondent violated DR 1-102(A)(6) and 6-101(A)(3), as well as Gov. Bar R. V(4)(G) and X as charged in Counts I through IV of the complaint. We also agree with the sanction recommended by the board. Accordingly, respondent is hereby suspended from the practice of law in Ohio for two years; however, both years of the sanction period are suspended and respondent is placed on probation under the conditions established by the board. Costs taxed to respondent.

*Judgment accordingly*.

DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY AND PFEIFER, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

––––––––––––––––

––––––––––––––––

1. While the board adopted the panel's findings of fact and conclusions of law, its report does not specify the misconduct found by the panel in connection with Count IV of the complaint.

**COOK, J., dissenting.**

{¶ 7} Respondent's conduct, in the aggregate, warrants an indefinite suspension. I therefore respectfully dissent.

MOYER, C.J., concurs in the foregoing dissenting opinion.

_____